In The United States District Court
For The Middle District of Alabama
Northern Division

| | |
|---|---|
| Lincoln David Allen #150171 | |
| Plaintiff Pro Se | |
| | Re: civil complaint |
| -vs- | |
| | Case No: 2:06-CV-1020-T |
| Gwendolyn Mosley et.al. | |
| Defendants | |

### Reply And Rebuttal To The Defendants Special Report

Comes now Plaintiff Lincoln David Allen pro se with legal assistance from John David Strong, who herein respectfully files his Reply and Rebuttal to the Defendants Special Report filed December 22nd 2006 and will show where the Defendants are not entitle to any kind of a dismissal of Plaintiff's case at bar, supra, and Plaintiff will herein show why.

— Please Note —
Defendants Heading of Their S.R. is in error, because they left out Plaintiff's First name, supra.

-1-

## Further Notice

Plaintiff apologies for his delaied in properly filing his Reply and Rebuttal to the Defendants Special Report in this case, as Plaintiff is a layman not at all familar with legal procedures, especally Federal section 1983 civil action, as he has never had cause to file any such cause before, so he had to rely on fellow inmates for assistance and there are very few inmates with adequate legal knowledge confined in Easterling Corr. Fac. - Plaintiff had to do with what he could find and only recently was able to obtain legal assistance from one well versed in legal knowledge - John D. Strong - who herein assists Plaintiff in filing this Reply Action.

## Reply And Objection

1. Plaintiff objects to the entire contents of Defendants Special Report filed in this cause of action on December 27th 2006, as their Report distorts out of text crucial facts and mis-applies authorities, as well be shown.

## - Reply -

Up to Defendants' middle paragraph on page Two under the heading of Plaintiffs' Allegations are accurate

-2-

as presented, but all the rest of Defendants Special Report is either erroneous, facts distorted and their cited authorities are not applicable to Plaintiff's claims and case at bar, as will be shown.

### Specific Rebuttal

1. Plaintiff addresses Defendants' response, starting on the bottom of page Two by saying that this Plaintiff will present all the proof needed to obtain a judgment against these Defendants and their denials in said Report are specious and fabricated defense as will be shown.

2. Defendant Mosley cannot hide behind any such defense offered, as respondent superior doctrine is no longer a defense for prison officials sued in their individual or personal capacities. Davis-vs-Zahardnick 600 F.2d 458 (4 Cir. 1979)

3. Neither are any defendants entitle to sovereign immunity or qualified immunity, because factual issues are in dispute, see Johnson-vs-Jones 132 L.Ed.2d 238 (June 12, 1995), Carlo-vs-City of Chino 105 F.3d 493 (9 Cir. 97) and dismissal of this case is not warranted because of the conflict of claims, Woods-vs-Marks 742 F.2d 770 (3 Cir. 1984)

-3-

## Facts Not Clearly on File

4. Contrary to what the defendants claim and argue all through their Special Report - this Plaintiff was viciously assaulted, beaten and even stamped on and kicked after being brutally slammed - head first on the floor - repeatedly by defendant Jeffery Knox and two other officers-guards (who's names Plaintiff is attempting to obtain) in an unprovoked assault where Plaintiff suffered head injuries (needed stitches in his ear caused by being slammed on the concrete floor head first) and he suffered at least four broken ribs and more bruised ribs, head concussion and back pain and on top of that Plaintiff was meanfully denied proper - necessary medical care and treatment and the defendants have nerve to deny that any of Plaintiffs Constitutional rights were violated, my goodness - shame on them. It is for these reasons Plaintiff sought permission to file an amended complaint - which under the circumstances - is Plaintiff's Constitutional right. or Plaintiff should be allowed to file a Supplemental Complaint. Defendants are guilty of fraudulent misrepresentation in claiming Plaintiff was not seriously harmed and by presenting a defective medical chart made up on day of assault by an incompetent nurse which didn't even ~~~~ (show) the ear wound which needed six stitches.

-4-

## Objection To the Magistrate's Order

5. Plaintiff objects to the Magistrate's Order of February 15th 2007 denying Plaintiff's request for permission to file an Amended Complaint because Plaintiff is and was a layman who had insufficient inmate assistance when he filed his original complaint at bar, which did not present all the necessary facts or claims and or it was deficient as mentioned in Plaintiff's request at issue. Therefore Plaintiff request that the Honorable Judge here address and consider Plaintiff's Motion For Permission To File an Amended Complaint, pursuant to Federal Rules of Civil Procedures Rules 11, Rule 15 and 50 and any other such authorities, otherwise it will be depriving Plaintiff of the equal protection of the substantial due process of law, for which this Plaintiff herein appeals, while filing his objections thereto. Plaintiff request that the Honorable Judge, who's docket this case has been assigned, please to review Plaintiff's original complaint here and then consider the contents of this Reply action which should convince him that Plaintiff's request should be honored accordingly, because Plaintiff can establish that defendants knowingly committed fraud in their Special Report, Miller-vs-Pate 17 L.Ed. 2d 690 (1964) showing Plaintiff's rights have been well established.

-5-

## Argument In Support

1. Defendants claim defendant Mosley cannot be held responsible or liable under the respondeat superior doctrine but Plaintiff did not sue defendant Mosley under said outdated authority as she was sued in her individual and personal capacity because she has developed a custom and policy of fully supporting any action her officers do against an inmate - as records can show - she has always fully supported defendant Knox's action - arbitrary action no other institute would allow - as can be established. It is for that very reason defendant Knox done what he did to Plaintiff.

2. On page Three of said S.R. Defendants outlined the appropriate authorities governing a violation of the 8TH amendment but they twisted their defense out of text. In this case at bar a violation of the 8TH Amendment did occur when defendants did in fact use unnecessary force wantonly - maliciously for the sole purpose of inflicting pain and harm without any penological justification of any kind. Defendants acted like mad dogs, once they started beating Plaintiff they surely got carried away with their desire to inflict harm and pain and suffering on an unresisting Plaintiff here

-6-

3. Plaintiff can prove and establish as a matter of law that defendants did act with malice intent sadistically for the very purpose of causing harm and pain without any penological justification and yes Ort-vs-White 813 F.2d 318, 321 (11 Cir. 84) outlines such need to establish a cause of action. On page four of defendants' S.R. defendants claim Plaintiff's complaint fails to meet the objective components of the 8th Amendment claim and they go on to claim - falsely that Plaintiff only suffered a minor and arguably de minimis, injury. If the Court believes that Then there must be milk and honey on the moon! Then even only threats by prison officials have been held grounds to sue them - please see Benny-vs-Pipes 799 F.2d 489 (9 Cir. 1986) and also Haneaham-vs-Lane 747 F.2d 1137, (--84) Key 2

4. The defendants cited only a section of the Hudson-vs-McMillian case (112 S.ct.995) yet the U.S. Supreme Court held in that case a prisoner can maintain an 8th Amendment claim against prison officials for the use of excessive force - even if no serious injuries resulted in the assault. Even handcuffs put on too tight is grounds for an 8th Amendment violation claim  Davidson-vs-Flynn 32 F.3d 27 (8 Cir. 94)

-7-

5. Defendants are gifted at distorting facts - they've had years of experience at it and they cite a lot of specious arguments and authorities not at all relevant or controlling in this case at bar - such as the authorities cited on the bottom of page four and over to page five - designed no doubt to clutter the record for sham show because none of those cases applies to this case at bar - except those in the last paragraph on page five, where the Skrtich-vs-Thornton and Gomez-vs-Chandler cases are referred to which those authorities are applicable to Plaintiff's case here - as a review of page four supra establishes. This case at bar is not only about excessive force applied meanfully but is a charge of actual assault by guards using their uniforms as weapons to prevent Plaintiff from defending himself used such amount of excessive force as to amount to a sadistic meanful assault on a defensive inmate as stated on page four above - at the time of the assault - there was a major shake-down going on by the State's Taskforce and evidently it was two of the members of said Taskforce who joined in to assault Plaintiff and the reason Plaintiff is having a hard time finding out their names.

6. It is already a matter of records that Plaintiff did suffer at least four fractured ribs, head lacerations and bruised ribs, back pain and general aches and pains he never had before - when the full extent of his injuries can be established - defendants will have no defense of any kind to offer - yet as it stands Plaintiff's documented injuries are fully sufficient to over-come and defeat the defendants specious and deceitfull pleas in their Special Report - for this Honorable Court to deny their pleas to have Plaintiff's case at bar dismissed - because defendants are guilty of wantoo - deliberate and sadistic infiction of unnecessary harm, pain and suffering on Plaintiff for which Plaintiff has a Constitutional right to seek just relief for, see Cribbs-vs-Bradley 532 F.Supp. 1058 (Tenn. 1982) and contrary to what defendants argued - Plaintiff does as a matter of law has a meritorious cause of action at bar see <u>Wilson-vs-Williams 83 F.3d 870 (7 Cir, 1996)</u>

-9-

7. As Plaintiff cited in this Reply action defendant Mosley has a custom and policy of fully supporting her officers conduct - taking their word over an inmates avowed testimony. Said Defendant never ordered an investigation into Plaintiff's complaint as she no doubt has a habit of covering-up for her officers' misconduct, especially defendant Knox's. Defendant Knox's conduct is so shockingly abusive - that no other institute would put up with his misconduct - discoveries will fully support this fact. As long as defendant Mosley is allowed to cover-up for such abusing misuse of authority, such unconstitutional abuse will continue and there comes a Time - when justice should prevail and there is no better Time then now.

8. Last but not least, defendants knew their medical charts did not adequately present the extent of Plaintiff's injuries - they were made on the day of the assault - later x-rays did in fact established that Plaintiff did suffer broken ribs - brused ribs and <u>stitches</u> needed to be put in Plaintiff's ear - cause by his head being slammed on the concrete floor. Defendants' deliberate <u>fraud</u> should not be allowed to frustrate this action.

-10-

## Conclusion

Wherefore premises considered Plaintiff argues defendants are not entitle to any kind of a dismissal for reasons clearly outlined in this Reply action, therefore the relief defendants sought in their special Report should be denied and Plaintiff be entitle to develope the records to show - contrary to what defendants claimed Plaintiff did as a matter of fact - suffered the necessary harm and atypical significant hardship in relation to ordenary incidents of prison life - entitling him to maintain and prosecute this meritorious cause of action.

It is so prayed

Respectfully Submitted

-s- Lincoln David Allen

Lincoln David Allen pro se
AIS. No. 150171 in F-1-60-A
Easterling Correctional Facility
200 Wallace Drive
Clio, Alabama 36017

Subscribed and sworn to before me a Notary Public on February 21, 2007

-s- [signature]
Notary   My commission expires on 6-7-2010

-11-

## Certificate of Service

Plaintiff Lincoln David Allen herein avows and states under oath that a true and correct copy of the foregoing attach Reply and Rebuttal to the Defendants Special Report is being sent by U.S. mail properly addressed to Defendant's Attorney of record

Mary Goldthwaite (GOL013)
assistant attorney General
11 South Union Street
Montgomery, Alabama 36130

on February 21, 2007, and subscribed to under penalty of perjury this day.

S/ Lincoln David Allen
Lincoln David Allen - Affiant
AIS. No. 150171
Easterling Corr. Fa. F-1-60 A
200 Wallace Drive
Clio, Alabama 36017

Lincoln David Allen #150171 in F-1-60A
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

To The Honorable Judge
United States District Court
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."