IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

David Allen #150171
Plaintiff, Pro-se

VS.                                    Case NO; 2:06-CV-1020-T

Gwendolyn Mosley, et al
Defendants,

## TRAVERSE TO THE STATE'S SPECIAL REPORT

Comes Now, The plaintiff, David Allen, moves into this
Honorable Court answer The Court March 14th 2007 Order.
The plaintiff Submit the following:

1). The Defendant Claim that the excessive physical
force was done in good faith is bogus, because from his own
Statement Defendant know's, he order the plaintiff to shave as
soon as the shakedown was over. The plaintiff admits that
he tried to explain himself to the defendant, by only saying "I just
Shaved last night." At no time did the defendant say that the plain-
tiff said to him that I'm not shaving. He only said I just Shaved
last night. For some reason the defendant say's that he give a
direct order for the plaintiff to stand near the wall. Once again
Capt. Knox never said that the plaintiff became hostile toward him.
However He admit that after telling the plaintiff this he reched
toward the plaintiff with his right hand. He then Claim
that the plaintiff Shoved his hand away. ( Keep in mind that all of this
force was used, because the plaintiff just answer Capt. Knox Question
about shaving, by only saying "I just Shaved last night )

Page 1

After Capt. Knox Claim that the plaintiff shoved his hand away. He admit that he "Grasped the plaintiff upper torso with both hands. After having the Daylights almost strangled out of him the plaintiff tried to get away, not to be hostile, but to save his own life, because if he don't try to pull away Capt. Knox just might have strangled him to death. And any person this is happing to will try to get away, even you your honor. With all do respect. After seen that the plaintiff was trying to save his own life, Capt. Knox, used force and pushed the plaintiff on the Concrete floor, and landed on top of him, causing him to hit his forehead on the Concrete floor. Once more all of this was done because the plaintiff said "I just shoved last night." There was never a reason for Capt. Knox or any one else to use any force against the plaintiff. Capt. Knox and the other officer action was done maliciously and sadistically to cause harm to the plaintiff.

The special Report Exhibit I the incident report Dated 11-07-06. The Defendant Capt. Knox lied, because in his special report he never said "He wrestled Inmate Ailen to the floor." He only said he placed him on the floor. From his own words he used force to wrestled the plaintiff to the floor. Defendant Knox also lied, about who put handcuffs on the plaintiff. In his lying Incident report he said officer Larry McCovery placed to cuffs on the plaintiff, but in the plaintiff bogus discip-linary Report, Capt. Knox said officer Drake cuffed the plaintiff See plaintiff Exhibit A."

page 2

As this Honorable Court will see that the real reason Capt. Knox used excessive force against the plaintiff was because the plaintiff was trying to tell Capt. Knox he sure had shaved last night, and Capt. Knox sure don't want to hear that. So as from his statement under oath Capt Knox said "Inmate Allen came in the dorm needed to shave. I asked him why he hadn't shaved and he started running off at the mouth. I ordered Inmate Allen did not stand against the wall, and kept running his mouth. I gave him another order to get on the wall and he refused. I put Inmate Allen up against the wall and he physically tried to hit me, and pushed my arm away. I had to wrestle Inmate Allen down in 9 Dorm lobby." This Disciplinary Report is in conflict with both Spec. A1 report on 12-27-06, and Supplement Special Report on March 13th 2007. See plaintiff Exhibit A, which shows Capt. Knox statement he gave at the disciplinary report.

2. The Defendant mosley, is warden at Easterling correc, and when any inmate say excessive force has been used against him, it must be report to I&I, who will come an see what happen. This never happen, because the Defendant never call I&I, they sust had a officer from here to write a statement. Because Defendant mosley don't taken picture when asked of her at the Segregation board, and because she fail to report this to I&I she is liable, because she help cover up a crime that

*page 3*

in her Camps that She had understand about.

3. The plaintiff had four broken ribs, and the reason they was not known of on Nov. 7, 2006, was because the plaintiff don't get medical help like he should have. The Defendant are trying to use a improper body Chart to said that the plaintiff don't have four broken ribs is bogus, because the body chart was done by a nurse who could not tell if that was broken or not. The Defendant admits that the plaintiff did have four broken ribs, which he don't have before Nov. 7, 2006. The plaintiff wrote the HCU by a Sick Call, tell them he had one broken before and He know his ribs are broken. This does not mean that his rib was broken before Nov. 7, 2006, which are now.

4. The Court must determine whether excessive force was used in good faith. see Johnson vs. Breeden 280 F.3d 1308 (11th Cir. 2002.)

5. The Defendants are not allow to plead immunity when a C.V.l right lawsuit alleging excessive force. See Skritch vs. Thornton 280 F.3d 1295 (11th Cir. 2002). Thus, the Defendant are not entitled to qualified immunity, and or Summary of Judgment.

Page 4.

## Conclusion

The plaintiff request that Summary Judgement ~~withdraw~~ of the defendant be dismiss, because the Defendants fail to follow DOC Rule about Claim of excessive force being Report to I&I and because the force use was done with the intent to Cause harm, and not ~~to~~ in good faith.

## Certificate of Service

I hereby certify that I served a copy of the foregoing upon the Defendants Counsel by placing it into Easterling Corr. Fac. Mail box on March 15, 2007.

Lincoln David Allen

David Allen

page 5

IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT

David Allen #150171

VS.                              Case NO: 2:06-CV-1020-T

Gwendolyn Mosley, et. al.,

AFFDAVIT

Before Me, The Under-Signed authority for the said
County and State personally appeared the avant, DAVID ALLEN
who is known to me, and after being duly affirmed deposed
and says as follows:

I, David Allen, after being fully sworn deposes follows:

I, The plaintiff, David Allen file this affdavit along
with my Traverse and do hereby stated that following
is true and correct on March 15, 2007.

Pursuant to 28 U.S.C. 1746, I, David Allen, do
hereby sign this Affdavit under the penalty of persury that the
foregoing is true and Corrected to the best of my knowledge.
Excuted on: March 15, 2007.

Lincoln David Allen
David Allen

page 6

# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

**DISC. #06-757**

1. INMATE : __Allen, David__     CUSTODY: __Medium__     AIS NO.: __B/M 150171__

2. FACILITY: **EASTERLING CORRECTIONAL FACILITY**

3. The above named inmate is being charged by __Captain Jeffery Knox__ with violation of Rule **#56**, specifically __Failure To Obey A Direct Order of An ADOC Official__ from Regulation # **403**, which occurred on or about __November 7, 2006__ at (time) __9:00__ (am), Location: __Dormitory #9, B-Side__. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On November 7, 2006, at approximately 9:00 AM, Captain Jeffery Knox ordered Inmate Allen, David, B/M 150171, to stand near the wall and stop talking. Inmate Allen failed to obey the order.**

5. ___11 / 13 / 06___     ___Jffy Knox, COSII___
   Date                    Arresting Officer / Signature / Rank
                           **Jeffery Knox, COSII**

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the __13__ day of __November__, 2006, at (time) __4:35__ (am/pm)

7. _Pryor John Wm / COL_     _Lincoln David Allen #150171_
   Serving Officer / Signature / Rank     Inmate's Signature / AIS Number

8. Witnesses desired?     NO _____     YES _Lincoln David Allen_
                          Inmate's Signature          Inmate's Signature

9. If yes, list: _Moses Jackson, the 2 riot team members that assisted Capt, Lt Lee_

10. Hearing Date _12-20-06_     Time _4 15 pm_     Place _Segregation Lobby_

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is / is not) capable of representing himself.
    _____ CM
    Signature / Hearing Officer

13. Plea _Lincoln David Allen_ ___ Not Guilty     _____ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _____ CM
    Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): **On the day in question, I was in 9 Dorm. Inmate Allen came in the dorm and needed to shave. I asked him why he hadn't shaved and he started running off at the mouth. I ordered Inmate Allen to stand against the wall. Inmate Allen did not stand against the wall, and kept running his mouth. I gave him another order to get on the wall and he refused. I put Inmate Allen up against the wall and he physically tried to hit me, and pushed my arm away. I had to wrestle Inmate Allen down in 9 Dorm Lobby, and Officer Drake came to assist me, and handcuffed Inmate Allen. Inmate Allen was escorted to HCU for a body chart, and locked up in SEG.**

_Exhibit A_

16. Inmate's Testimony: **(See attached statement. Inmate Allen was removed from hearing for disruptive behavior).**

Witness: **Lt. Mary Lee**     Substance of Testimony: **When I entered 9 Dorm Inmate David Allen was already in the lobby, getting ready to exit 9 dorm. I don't know what happened. (Lt. Lee gave testimony via telephone during hearing with Inmate Allen present.**

Witness: **N/A**     Substance of Testimony: **N/A**

Witness: _____     Substance of Testimony: _____

17. The Inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

_Signature / Hearing Officer_

18. The Following witnesses were not called    -    reason not called
   1. **Inmate Moses Jackson**     **No such inmate was found.**
   2. **N/A**     **N/A**
   3. _____     _____

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
   The Hearing Officer finds that : **On 11/07/06, at approximately 9:00 PM, in Dorm 9, B-Side, Inmate David Allen, B/150171, did fail to obey an order given to him by Captain Jeffery Knox to stand near the wall and stop talking. Therefore, Inmate Allen was in violation of Rule #56-Failure to Obey a Direct Order of an ADOC Official.**

20. Basis for Finding of Fact: **Captain Jeffery Knox stated under oath that he ordered Inmate Allen to stand near the wall and stop talking, and Inmate Allen failed to obey the order. Inmate Allen's statement was not believable.**

21. Hearing Officer's Decision:    **X**   Guilty
                          Not Guilty

22. Recommendation of Hearing Officer: **45 Days Disciplinary Segregation and 45 days loss of all privileges.**
**\*Not earning good time.**

_Signature / Hearing Officer_

**Linda Glenn, COI**
Typed Name and Title

23. Warden's Action – Date _21 DEC 2006_
   Approved
   Disapproved
   Other (specify) _____

   Reason if more then 30 calendar days delay in action. _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the **30th** day of _December_ 2006, at (time) _12:01_ (am / pm).

_Daniel Bell COI_     _Lincoln David Allen #150171_
Signature / Serving Officer / Title     Inmate's Signature and AIS Number

Mr. Lincoln David Allen #150171 C1-40A
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

LEGAL MAIL

"This correspondence is forwarded from
an Alabama State Prison. The contents have
not been evaluated, and the Alabama Departme
of Corrections is not responsible for the substanc
or content of the enclosed communication."

MONTGOMERY AL 361
16 MAR 2007 PM 3 L

Office of THE CLERK
United States District Court
Post Office Box 711
Montgomery, Al. 36101-0711